**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>REAL PROPERTY LOCATED AT 1238 W. ROBIN DRIVE, VISALIA, CALIFORNIA, TULARE COUNTY, APN: 090-041-009, et al.,<br>Defendant. | Case No. 1:25-cv-00820 JLT FJS<br>ORDER GRANTING MOTION TO STRIKE<br>(Doc. 39)<br>ORDER DENYING MOTION TO DISMISS<br>(Doc. 35) |

This is an *in rem* forfeiture action seeking to forfeit two real properties and various precious metals purchased with funds obtained through a false tax refund scheme allegedly perpetrated by Marvin Collins. (Doc. 7.) Collins allegedly submitted false tax returns relying on a sovereign-citizen based OID Tax Redemption scheme that generated false tax refunds totaling nearly $1 million. Collins then used that money to buy real estate and silver bars. Collins was criminally charged in this district in *United States v. Marvin Charo Collins*, 1:24-CR-00255-JLT-SKO, and this *in rem* forfeiture action followed.

Federal Rule of Civil Procedure Supplemental Rule G(5)(a) requires a potentially interested party to file a claim within 35 days of service of the complaint. A claim must "(A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in

the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).” Fed. R. Civ. P. Supp. G(5)(A). If no claim is filed, the United States may move to strike a claim or answer “at any time before trial” for “failing to comply with Rule G(5).” Fed. R. Civ. P. Supp. G(8)(c)(i)(A)-(B).

Here, the Amended complaint was served on Mr. Collins on October 15, 2025. (Doc. 39-2, ¶ 4.) The claim deadline was therefore November 20, 2025. Mr. Collins has filed an Answer (Doc. 24), several Notices (Docs. 23, 25[1], 33, 34, 36), and a Motion to Dismiss (Doc 35), but none of these resemble a “claim.” He has therefore failed to meet the statutory deadline to file a claim. Thus, the Answer, Amended Answer, various Notices, and Motion to Dismiss filed by Mr. Collins (Docs. 23, 24, 25, 33, 34, 36) are **STRICKEN** for failing to comply with Rule G(5)(a) and Rule G(8)(c)(i)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Even assuming Mr. Collins had standing, his Motion to Dismiss is without merit and is **DENIED** for the reasons set forth in the government’s opposition, (Doc. 40), namely: (1) Mr. Collins lacks statutory standing to sue because he failed to file a claim and answer; (2) civil forfeiture does not violate double jeopardy and does not amount to malicious prosecution; and (3) the Court retains civil forfeiture jurisdiction even though the criminal forfeiture allegations were dropped.

## CONCLUSION AND ORDER

1. The United States’ motion to strike (Doc. 39) is **GRANTED**. The Clerk of Court is directed to **STRIKE** Documents 23, 24, 25, 33, 34, and 36.
2. In the alternative, Mr. Collins’ motion to dismiss (Doc. 35) is **DENIED.**

IT IS SO ORDERED.

Dated: September 4, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE

[1] Document 25 purports to be an “Amended Answer.”